# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS CLASSEN,

                  Plaintiff,

v.

ALI'S INVESTMENTS, LLC,

                  Defendant.

Case No. 23-CV-1369-JPS

**ORDER**

## 1.    INTRODUCTION

In October 2023, Plaintiff Luis Classen ("Plaintiff") sued Defendant Ali's Investments, LLC ("Defendant") under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36. ECF No. 1. As relief, Plaintiff seeks a permanent injunction, in addition to costs and reasonable attorneys' fees. *Id.* at 6, 16 (citing 42 U.S.C. §§ 12188(a)(2) and 12205; 28 C.F.R. §§ 36.504(a) and 36.505).[1]

Despite proper service of process, ECF No. 6, Defendant failed to appear to defend against the action. Plaintiff requested entry of default, ECF No. 8, which the Clerk of Court entered in March 2024. *See* docket entry

---

[1] Plaintiff's complaint also purports to seek declaratory relief, ECF No. 1 at 2, but his motion for default judgment and incorporated memorandum in support thereof make no reference to this relief. In any event, declaratory relief is neither necessary nor appropriate here. *See McCabe v. Heid Music Co., Inc.*, No. 23-CV-1215-JPS, 2024 U.S. Dist. LEXIS 48059, at *20 (E.D. Wis. Mar. 19, 2024) (quoting *Freeman v. Wexford of Ind. LLC*, No. 3:10-CV-631; *Marquez v. Riveredge Hosp., Inc.*, No. 21-CV-3369, 2022 U.S. Dist. LEXIS 49093, at *15–16 (N.D. Ill. Mar. 21, 2022); and *Field v. Hous. Auth. of Cook Cnty.*, 17-cv-02044, 2018 U.S. Dist. LEXIS, at *24 (N.D. Ill. Aug. 13, 2018)). Accordingly, the Court discusses declaratory relief no further.

dated Mar. 4, 2024. Now before the Court is Plaintiff's motion for default judgment, ECF No. 12, which Plaintiff served on Defendant at its business address. ECF No. 14; STATE OF WIS. DEP'T OF FIN. INSTS., [https://perma.cc/J2NV-BLTV] (last visited Sept. 25, 2024). For the reasons discussed herein, the Court will grant the motion and will enter default judgment and a permanent injunction against Defendant.

2. **FACTS**[2]

Plaintiff resides in Wisconsin and is an individual with disabilities as defined by the ADA. Specifically, he is substantially limited in walking and standing and uses a wheelchair for mobility purposes.

Defendant is a domestic limited liability company. Defendant owns and leases/operates a BP Gas Station and its attendant facilities, including vehicular parking and exterior paths of travel (the "Property"). Accessible elements of the Property have been altered and/or constructed since 2010.

On or about January 2022, and on several occasions thereafter, Plaintiff was a customer at the Property. Plaintiff lives within thirty miles of the Property, which is located on a thoroughfare that Plaintiff routinely frequents. He is therefore regularly in the vicinity of the Property.

While traveling in the area, Plaintiff often stops to patronize various gas stations and stores along his route to purchase gasoline and other items and to use the bathroom. His patronage of these businesses in the general

---

[2] All facts relevant to this Order are drawn solely from the complaint. ECF No. 1; *see Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (noting that, for purposes of default judgment, court must accept complaint's factual allegations as true, except those relating to damages) (citing Fed. R. Civ. P. 8(b)(6) and *Quincy Bioscience, LLC v. Ellishbrooks*, 957 F.3d 725, 725 (7th Cir. 2020)). Citations have been omitted for brevity.

vicinity of his home and route of travel is central to his daily life. He intends to continue patronizing such businesses, including the Property.

Plaintiff's access and full and equal enjoyment of the Property and its offerings have been denied and/or limited because of his disability and because of the Property's barriers to equal access for wheelchair users. This denial and/or limitation of access will continue absent judicial intervention. Plaintiff has attempted to access the Property to patronize it, but he could not fully do so due to the physical barriers to access and dangerous conditions existing at the Property. Those barriers and dangerous conditions include:[3]

- a lack of van-accessible parking identified as such with upright "Van Accessible" signage;
- a lack of visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible;
- a failure to maintain clearly painted lines delineating the designated accessible parking space and access aisles;
- a failure to inspect and maintain the parking surface (resulting in an uneven surface on both the parking space and its access aisle);
- a lack of a level top landing from the ramp (preventing Plaintiff from safely traversing from the parking area to the entry doors);
- a ramp with runs in excess of the maximum slope requirement;

---

[3]Plaintiff asserts that this list is not exhaustive and that a "complete list of the [Property's] ADA violations affecting. . . Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34." ECF No. 1 at 12. The time to have sought leave to undertake such an inspection has passed. Accordingly, this Order and the injunctive relief granted herein are limited to the barriers and conditions specifically enumerated herein.

- an accessible route along the storefront curb obstructed by vehicles due to a lack of parking stops in the spaces (necessary to prevent vehicle overhangs onto the sidewalk); and
- a lack of an accessible route connecting to the public sidewalk.

If the barriers are not removed and the dangerous conditions not addressed, Plaintiff will be forced to have to search out an alternative place of public accommodation that is ADA compliant. By continuing to maintain and operate the Property with these barriers and conditions, Defendant contributes to Plaintiff's sense of isolation and segregation. Additionally, Plaintiff avers that remedying the above-listed violations is readily achievable and can be accomplished by Defendant without significant difficulty or expense.

**3.    LAW AND ANALYSIS**

When a defendant has defaulted, the Court must accept all the allegations in the complaint as true, except those relating to damages. *See supra* note 2; *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks.").

**3.1    Jurisdiction**

"Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-cv-370-wmc, 2021 U.S. Dist. LEXIS 140621, at *2 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). Subject-matter jurisdiction exists in this case; Plaintiff sues under the ADA and therefore invokes federal question jurisdiction.

The Court is also satisfied that it has personal jurisdiction over Defendant. *See e360 Insight v. Spamhouse Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . .") (collecting cases). Defendant was served in Wisconsin and purposefully and consistently conducts the sale of products and services to customers in Wisconsin. ECF No. 1 at 2–3; ECF No. 6. Additionally, Defendant is an LLC organized under Wisconsin law, and Defendant's principal office and registered agent office are located in Wisconsin. STATE OF WIS. DEP'T OF FIN. INSTS., [https://perma.cc/J2NV-BLTV] (last visited Sept. 25, 2024). The Court is therefore satisfied that it may exercise personal jurisdiction over Defendant.

### 3.2 Standing

Out of an abundance of caution, the Court will also assure itself that Plaintiff has standing to bring this suit and to seek prospective injunctive relief. "Because []he seeks prospective injunctive relief, [Plaintiff] must . . . allege a 'real and immediate' threat of future ADA violations." *Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 U.S. Dist. LEXIS 204526, at *14 (N.D. Ill. Nov. 15, 2023) (citing *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013)). In other words, he must "allege that the discrimination will continue and injure h[im] in the future." *Id.* (citing *Scherr*, 703 F.3d at 1074). "This threat of future injury can be shown by an intent to return to or use the public accommodation . . . ." *Id.* (citing *Scherr*, 703 F.3d at 1074).

Plaintiff alleges that he intends to continue patronizing the Property, assuming that it is made accessible to him. ECF No. 1 at 4. This allegation is bolstered by the fact that Plaintiff lives in the area and is therefore frequently in the vicinity of the Property, as well as by the fact that patronizing such businesses is central to his daily life. *Id.* at 3–4. The Court

is therefore satisfied that Plaintiff has standing to pursue prospective injunctive relief. *See Scherr*, 703 F.3d at 1074 (concluding that ADA plaintiff had standing to seek prospective injunctive relief because the plaintiff alleged that she would use the property but for the continuing ADA violations there and because "much of her extended family lives in the area and the [property] is close to them" (citing *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008))).

### 3.3 Liability

"Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Quincy Bioscience, LLC v. Bryk Enter., LLC*, No. 22-CV-658-JDP, 2023 U.S. Dist. LEXIS 65712, at *8 (W.D. Wis. Apr. 13, 2023) (quoting 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.)). The Court therefore begins by analyzing whether the allegations in the complaint, taken as true, state a claim for relief under Title III of the ADA, 42 U.S.C. § 12181 et seq.

42 U.S.C. § 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." To state a Title III ADA discrimination claim, a plaintiff must allege that: "(1) []he is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against h[im] by denying h[im] the full and equal opportunity to enjoy the services the defendant provides." *Morey v. McDonald's Corp.*, No. 18 C 1137, 2018 U.S. Dist. LEXIS 240851, at *10 (N.D. Ill. Nov. 26, 2018) (quoting *Thomas v. Kohl's Corp.*, No. 17 C 5857, 2018 U.S.

Dist. LEXIS 18218, at *7 (N.D. Ill. Feb. 5, 2018) and citing 42 U.S.C. § 12182(a)).

### 3.3.1 Disability Within the Meaning of the ADA

The first element presents a question of law for the court, and the Court is satisfied that it is met. *See Alitovski v. Elgin Corrugated Box Co.*, No. 99 C 5018, 2001 U.S. Dist. LEXIS 2070, at *8–9 (N.D. Ill. Feb. 21, 2001) (citing *Bragdon v. Abbott*, 524 U.S. 624 (1998)). Plaintiff alleges that he has a disability that substantially limits his ability to walk and stand such that he relies on a wheelchair. ECF No. 1 at 2–3. A disabled person under the ADA is one with "a physical or mental impairment that substantially limits one or more major life activities" of the individual. 42 U.S.C. § 12102(1)(A). Plaintiff is therefore disabled within the meaning of the ADA. *See id.* § 12102(2)(A) ("major life activities include . . . walking [and] standing").

### 3.3.2 Private Entity That Owns or Operates Place of Accommodation

Next, Plaintiff must show that Defendant "is a private entity that owns . . . or operates a place of public accommodation." *Morey*, 2018 U.S. Dist. LEXIS 240851, at *10 (quoting *Thomas*, 2018 U.S. Dist. LEXIS 18218, at *7 and citing 42 U.S.C. § 12182(a)). Gas stations are explicitly included in the ADA's definition of "public accommodation." § 12181(7)(F). Additionally, Plaintiff has alleged that Defendant—a private LLC—owns and operates/leases the Property. ECF No. 1 at 3. This element is therefore met.

### 3.3.3 Discrimination

Third, Plaintiff must allege that "[D]efendant discriminated against h[im] by denying h[im] the full and equal opportunity to enjoy the services [D]efendant provides." *Morey*, 2018 U.S. Dist. LEXIS 240851, at *10 (quoting *Thomas*, 2018 U.S. Dist. LEXIS 18218, at *7 and citing 42 U.S.C. § 12182(a));

*see also A.H. v. Ill. High Sch. Ass'n*, 881 F.3d 587, 594 (7th Cir. 2018) (noting that the plaintiff must show that "'but for' his disability, he would have been able to access the services or benefits desired" (citing *Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 752 (7th Cir. 2006))).

A place of public accommodation discriminates in violation of the ADA when it "fail[s] to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable," 42 U.S.C. § 12182(b)(2)(A)(iv), as well as when it "fail[s] to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs," § 12183(a)(2); *see also* 28 C.F.R. § 36.304(a) ("A public accommodation shall remove architectural barriers in existing facilities . . . where such removal is . . . easily accomplishable and able to be carried out without much difficulty or expense."); 28 C.F.R. § 36.402(a)(1) ("Any alteration to a place of public accommodation . . . after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."). Places of public accommodation are also required to "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act." 28 C.F.R. § 36.211(a).

Plaintiff has sufficiently alleged that Defendant discriminated against him by denying him the full and equal opportunity to enjoy the Property. *Morey*, 2018 U.S. Dist. LEXIS 240851, at *10 (citations omitted); ECF No. 1 at 8. Plaintiff points to various instances of Defendant's ADA noncompliance that have prevented his full and equal opportunity to

patronize the Property. Plaintiff also alleges that compliance with those requirements is readily achievable and can be accomplished by Defendant without significant difficulty or expense.

The Code of Federal Regulations expressly provides that barrier removal in the context of "sidewalks [and] parking" is a top priority. 28 C.F.R. § 36.304(c)(1). "Where parking spaces are provided, [ADA Standards] require a specified number of the parking spaces to be accessible," as well as for those spaces "to be identified by signs that display the International Symbol of Accessibility." Appendix B to Part 3—Analysis and Commentary on the 2010 ADA Standards for Accessible Design, §§ 208 and 502, *available at* https://www.ecfr.gov/current/title-28/chapter-I/part-36#Appendix-B-to-Part-36 [https://perma.cc/DG5H-EX5V] (last visited Sept. 25, 2024). Plaintiff alleges that Defendant failed to make such accessible parking with signage available, rendering his patronage of the Property more difficult. ECF No. 1 at 8–9 ("There is no van-accessible parking identified as such with upright 'Van Accessible' signage . . . .").

As noted *supra*, places of public accommodation must also "maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act." 28 C.F.R. § 36.211(a). "This section recognizes that it is not sufficient to provide features such as accessible routes . . . or ramps, if those features are not maintained in a manner that enables individuals with disabilities to use them." Appendix C to Part 36—Guidance on ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, § 36.211.

Plaintiff alleges that various surfaces on the Property, including the accessible parking space and access aisle, are not level because Defendant

has failed to inspect and maintain them. ECF No. 1 at 9. This makes Plaintiff's patronage of the Property more dangerous. *See* 2010 ADA Standards for Accessible Design § 303, [https://perma.cc/REZ7-2XHE] (last visited Sept. 25, 2024) ("Changes in Level") (hereinafter, "2010 ADA Standards").

Plaintiff also alleges that Defendant has failed to maintain the painted lines delineating the accessible parking space. ECF No. 1 at 9; Appendix B to Part 3—Analysis and Commentary on the 2010 ADA Standards for Accessible Design, §§ 208 and 502 (noting requirement "that access aisles be marked so as to discourage parking in them").

Additionally, "'accessible' routes that are obstructed . . . are neither 'accessible to' nor 'usable by' individuals with disabilities." Appendix C to Part 36—Guidance on ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, § 36.211. Plaintiff alleges that the accessible route along the storefront curb is obstructed because the lack of parking stops allows vehicles to overhang onto the sidewalk. ECF No. 1 at 10. The overhang renders the sidewalk too narrow for Plaintiff to pass. *See* 2010 ADA Standards § 403.5.1 ("[T]he clear width of walking surfaces shall be 36 inches . . . minimum.").

Plaintiff additionally alleges that the ramp to the accessible entrance of the Property—the only means of access for Plaintiff as a wheelchair user—has a slope in excess of the maximum slope requirement. ECF No. 1 at 10; 2010 ADA Standards § 405.2 ("Ramps shall have a running slope not steeper than 1:12"—roughly 8.33%). This also makes the Property more dangerous for Plaintiff. The same is true with respect to the ramp's lack of a level top landing. ECF No. 1 at 10.

Page 10 of 19
Case 2:23-cv-01369-JPS  Filed 09/25/24  Page 10 of 19  Document 15

Lastly, Plaintiff alleges that there is no accessible access route from the public sidewalk to the Property, in violation of the requirement that "[a]t least one accessible route shall be provided within the site from . . . public streets and sidewalks . . . ." *Id.* at 10–11; 2010 ADA § 206.2.1, [https://perma.cc/REZ7-2XHE] (last visited Sept. 25, 2024). This further inhibits Plaintiff's ability to patronize the Property.

In light of all the foregoing, Plaintiff has more than sufficiently alleged that Defendant discriminated against him by denying him the full and equal opportunity to enjoy the Property. *Morey*, 2018 U.S. Dist. LEXIS 240851, at *10 (citations omitted). Plaintiff has accordingly established Defendant's liability under Title III of the ADA.

### 3.4 Relief

Being satisfied that Plaintiff has established Defendant's liability under Title III of the ADA, the Court now addresses Plaintiff's sought relief.

#### 3.4.1 Injunctive Relief

Plaintiff seeks that Defendant be enjoined to remediate the barriers and dangerous conditions discussed *supra* Section 3.3 within 120 days of the Court's order, and that Defendant be ordered to file a notice with the Clerk of Court indicating that it has fully remedied its ADA noncompliance as discussed herein. ECF No. 12-4 at 2–7 (proposed order enumerating the barriers and conditions that Defendant shall be made to remediate). After the filing of that notice, Plaintiff seeks a period of fourteen days within which to reinspect the Property to evaluate Defendant's compliance. *Id.* at 7. Within three days of that reinspection, Plaintiff proposes to file a status report in this case indicating Defendant's level of compliance. *Id.*

Availability of remedies for violations of Title III of the ADA is governed by 42 U.S.C. § 2000a-3(a). *See* 42 U.S.C. § 12188(a)(1). Section

2000a-3(a) provides that a person seeking relief for a violation of Title III of the ADA may seek "a permanent or temporary injunction."

"To demonstrate that injunctive relief is appropriate,"

> Plaintiff must show that: (1) he has suffered an irreparable injury; (2) remedies at law, such as monetary damages, are insufficient to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

*Wright v. Thread Experiment, LLC*, No. 1:19-cv-01423–SEB-TAB, 2021 U.S. Dist. LEXIS 13214, at *9 (S.D. Ind. Jan. 22, 2021) (citing *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir.), *cert denied*, 140 S. Ct. 58 (2019)). In the ADA context specifically, he must also show that "it is reasonable to infer from h[is] complaint that th[e] discriminatory treatment will continue" and, as the Court already concluded he has shown, *see supra* Section 3.2, that he "intends to return to the public accommodation in the future." *Scherr*, 703 F.3d at 1074 (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)) (internal bracketing omitted).

Plaintiff must first demonstrate that he has suffered an irreparable injury. He has done so; taking his factual allegations as true, as the Court must at this juncture, Plaintiff has demonstrated that he was deprived of equal access to the Property because it in various respects failed to accommodate his wheelchair use. He has also demonstrated that he will continue to be so deprived in the absence of an injunction because he intends to patronize the Property in the future and because Defendant has refused to comply with the ADA as requested. *Supra* Section 3.2; ECF No. 12 at 2. This constitutes an irreparable injury for permanent injunction purposes under the ADA. *See Hinders v. Shiva 3, Inc.*, No. 2:19-CV-03080,

2022 U.S. Dist. LEXIS 44458, at *8–10 (C.D. Ill. Mar. 14, 2022) ("The ADA limits the available remedies upon a violation to injunctive remedies . . . Where a statute limits remedies to injunctive relief, '[t]he proven harm is, by definition, irreparable absent an injunction.'" (citing 42 U.S.C. §§ 12188(a)(2) & 2000a-3 and quoting *LAJIM*, 917 F.3d at 944)).

The second element is also met; remedies at law are insufficient to compensate Plaintiff for the injury because recovery of damages is unavailable to Plaintiff under Title III of the ADA. *See Wright*, 2021 U.S. Dist. LEXIS 13214, at *10 ("Without a monetary remedy available, no recourse is available to Plaintiff absent the entry of an injunction . . . .") (citing *LAJIM*, 917 F.3d at 945).

The Court also concludes that, considering the balance of hardships between the parties, a remedy in equity is warranted. Plaintiff suffered, and will continue to suffer, the hardship of being unable to access and patronize the Property to the same degree as those individuals who do not share his disability and do not rely on a wheelchair. Meanwhile, Defendant will merely have to "incur[] certain costs necessary to bring [the public accommodation] into compliance with the ADA," "something required of all businesses with public accommodations under the ADA." *Wright*, 2021 U.S. Dist. LEXIS 13214, at *10; *Hinders*, 2022 U.S. Dist. LEXIS 44458, at *10.

The Court also concludes that the public interest would not be disserved by imposition of a permanent injunction in this case. "[T]he public has a strong interest in eliminating discrimination and in enforcing the ADA . . . ." *Wright*, 2021 U.S. Dist. LEXIS 13214, at *10 (quoting *Mortland v. Lights out Devs.*, No. 1:19-cv-2557-JMS-DLP, 2020 U.S. Dist. LEXIS 115218, at *7 (S.D. Ind. July 1, 2020) and citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661,

675 (2001)). The Court is therefore satisfied that Plaintiff has demonstrated that injunctive relief is appropriate.

Finally, the Court must assure itself that the injunctive relief sought is appropriately tailored to address the violation in this case. *See Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9, 23 (2006). The Court concludes that the sought injunctive relief, as set forth in Plaintiff's proposed order, ECF No. 12-4, is appropriately tailored to addressing the specific violation addressed herein: the Property's inaccessibility to those with disabilities who rely on wheelchairs. Defendant will not be later heard to complain if it finds the injunction herein sought and imposed to be too burdensome; if Defendant wished to oppose the scope of the injunction, then it should have appeared to defend itself in this action.

### 3.4.2 Costs and Reasonable Attorneys' Fees

Plaintiff additionally seeks to recover costs and reasonable attorneys' fees. ECF No. 12 at 4–5.[4] This is appropriate. The ADA authorizes courts, in their discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

Plaintiff seeks to recover $497.00 in costs attributable to the filing fee and service of process fee. ECF No. 12-1 at 2. "Costs are presumptively awarded to the prevailing party under Federal Rule of Civil Procedure 54(d)," *Animal Legal Def. Fund v. Special Memories Zoo*, 42 F.4th 700, 707 (7th

---

[4]Plaintiff's complaint also references seeking "[a]n award of interest upon the original sums of said award of attorney's fees, costs . . . , and other expenses of suit." ECF No. 1 at 17. Plaintiff's default judgment moving papers and attachments thereto do not reference an award of interest, so the Court considers any such request to have been forfeited and addresses it no further.

Page 14 of 19
Case 2:23-cv-01369-JPS   Filed 09/25/24   Page 14 of 19   Document 15

Cir. 2022) (citing Fed. R. Civ. P. 549d)), and moreover are expressly authorized by the ADA, § 12205. Plaintiff may therefore recover $497.00 in costs.

Plaintiff also seeks to recover $6,408.00 in attorney's fees for a total of 17.8 hours spent on the case up to this point, at a rate of $360 per hour. ECF No. 12-2 at 3. "[A] prevailing party under the ADA is entitled to 'an award of fees for all time reasonably expended in pursuit of the ultimate result achieved.'" *Shott v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 739 (7th Cir. 2003) (quoting *Jaffee v. Redmond*, 142 F.3d 409, 416 (7th Cir. 1998)). To determine the appropriate amount of fees, courts typically use the "lodestar method," which is "the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Rodesky v. Pfister*, No. 15-cv-1002-JEH, 2023 U.S. Dist. LEXIS 50007, at *4 (C.D. Ill. Feb. 21, 2023) (quoting *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014)). "Although the lodestar yields a presumptively reasonable fee, . . . the court may nevertheless adjust the fee based on factors not included in the computation . . . ." *Montanez*, 755 F.3d at 553 (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) and *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Such factors may include "the experience, reputation, and ability of the attorneys" and "the preclusion of employment by the attorney due to acceptance of the case." *Hensley*, 461 U.S. at 430 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The Court will begin with the "reasonable hourly rate" portion of the analysis. "A reasonably hourly rate is based on the local market rate for the attorney's services." *Montanez*, 755 F.3d at 553 (citing *Pickett*, 664 F.3d at 640). "The best evidence of the market rate is the amount the attorney actually bills for similar work . . . ." *Id.* (citing *Johnson v. GDF, Inc.*, 668 F.3d

927, 933 (7th Cir. 2012)); *see also People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." (quoting *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993))).

Plaintiff's counsel attests that he "has been granted an hourly fee of $360 per hour in a similar case," ECF No. 12 at 5 (citing *Muniz v. Chi. Title Land Tr. Co.*, No. 1:23-CV-13997 (N.D. Ill. 2024)), and he also avers that this rate is comparable to that sought in ADA cases, *id.* (citing *Nichols v. Ill. Dep't of Transp.*, 4 F.4th 437, 442 (7th Cir. 2021) and *Mortland v. Radhe Hosp. LLC*, No. 1:22-cv-00366-HAB-SLC, 2023 U.S. Dist. LEXIS 86204, at *11–12 (N.D. Ind. Apr. 12, 2023)). In light of those attestations, and since Defendant has not appeared to challenge the reasonableness of that rate, *see People Who Care*, 90 F.3d at 1313, the Court concludes that Plaintiff's counsel's sought rate is reasonable.

The Court next turns to the matter of "the hours reasonably expended." *Johnson*, 668 F.3d at 929 (citing *Pickett*, 664 F.3d at 639). "[I]n determining the number of hours 'reasonably expended' . . . in the litigation, the court should ensure that counsel exercises 'billing judgment'"—*i.e.*, should disallow recovery of fees for time spent on essentially administrative or clerical tasks. *Spegon v. Catholic Bishop*, 175 F.3d 544, 553 (7th Cir. 1999). Similarly, the Court should not authorize recovery of fees for "hours that are 'excessive, redundant, or otherwise unnecessary.'" *Johnson*, 668 F.3d at 931 (quoting *Hensley*, 461 U.S. at 434 and citing *Spegon*, 175 F.3d at 552).

The time log in support of the fee petition demonstrates a reasonable expense of hours. ECF No. 12-2. Nothing in these time logs strikes the Court as unnecessary, unreasonable, or otherwise concerning, spare for one

immaterial error.[5] Accordingly, and in light of the lack of opposition, the Court makes no reduction to the number of hours for which Plaintiff's counsel seeks to recover fees. Plaintiff is therefore entitled to recover $6,408.00 in attorney's fees, representing 17.8 hours at a rate of $360 per hour. The Court makes no further adjustment to the lodestar.

## 4. CONCLUSION

In light of the foregoing, the Court concludes that Plaintiff's allegations in the complaint are sufficient to state a cognizable claim for relief under Title III of the ADA. Further, the Court concludes that Plaintiff is entitled to the prospective injunctive relief he seeks, as well as to recover costs and reasonable attorney's fees.

Lastly, the Court addresses Plaintiff's request that the Court retain jurisdiction to effectuate its Order. ECF No. 12-4 at 8. The request is technically unnecessary, since the Court automatically retains jurisdiction to enforce the permanent injunctive relief that it imposes. *See Whitford v. Gill*, No. 15-cv-421-bbc, 2017 U.S. Dist. LEXIS 94849, at *2 (W.D. Wis. Feb. 23, 2017) ("A court possesses 'the independent authority to enforce its own injunctive decrees.' . . . . The rule is that when 'an equity case ends in a permanent injunction, the trial court, with or without an explicit reservation of jurisdiction, retains jurisdiction to enforce the injunction . . . .'") (quoting *S.E.C. v. Homa*, 514 F.3d 661, 673 (7th Cir. 2008) and *McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985)). The Court will therefore order that this

---

[5]The time log includes an entry for 0.9 hours to "File Complaint and IFP Application," ECF No. 12-2 at 1, but there was no in forma pauperis application in this case—Plaintiff paid the filing fee. The Court nevertheless makes no reduction with respect to this entry.

case remain administratively closed pending Defendant's compliance with the permanent injunctive relief ordered herein.

Notwithstanding that administrative closure, the Court will order Defendant to file a notice in this case when it has fully remedied its ADA noncompliance as discussed herein. Should Defendant fail to timely remediate the noncompliance, Plaintiff may move the Court for additional relief as appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiff Luis Classen's motion for default judgment, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that default judgment be **ENTERED** in favor of Plaintiff Luis Classen and against Defendant Ali's Investments, LLC;

**IT IS FURTHER ORDERED** that Plaintiff Luis Classen is **ENTITLED** to permanent injunctive as discussed herein and as set forth by separate contemporaneous filing;

**IT IS FURTHER ORDERED** that Defendant Ali's Investments, LLC shall remedy its ADA noncompliance as described herein and as set forth by separate contemporaneous filing within **one hundred and twenty (120) days** of this Order;

**IT IS FURTHER ORDERED** that Defendant Ali's Investments, LLC shall **FILE** a notice in this case indicating that it has fully complied with the permanent injunction described herein and set forth by separate contemporaneous filing; upon filing of such notice, Plaintiff Luis Classen shall have **fourteen (14) days** within which to inspect the Property to evaluate its level of compliance, during which inspection Defendant Ali's Investments, LLC shall provide Plaintiff Luis Classen and his counsel with

access to all public use areas; within **three (3) days** of that inspection, Plaintiff Luis Classen shall **FILE** a status report indicating Defendant Ali's Investments, LLC 's level of compliance;

**IT IS FURTHER ORDERED** that the Clerk of Court shall **SEND** a copy of this Order, the contemporaneously issued permanent injunction, and the default judgment entered to Defendant Ali's Investments, LLC at:

>Ali's Investments, LLC
>c/o Bilal Amjad
>5909 S. 27th St.
>Greenfield, WI 53221-4802

**IT IS FURTHER ORDERED** that Defendant Ali's Investments, LLC shall pay to Plaintiff Luis Classen attorney's fees in the amount of **$6,408.00** and costs in the amount of **$497.00**;

**IT IS FURTHER ORDERED** that Plaintiff Luis Classen's request for the Court to retain jurisdiction over this matter, ECF No. 12-4 at 8, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same hereby remains **ADMINISTRATIVELY CLOSED**.

The Clerk of Court is directed to enter default juddgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 19 of 19
Case 2:23-cv-01369-JPS   Filed 09/25/24   Page 19 of 19   Document 15